# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Jianmin Chen,**
**Petitioner Below, Petitioner**

**v.) No. 24-647** (23-ICA-333)

**White Rock Mountain Retreat,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Jianmin Chen appeals the decision of the Intermediate Court of Appeals of West Virginia ("ICA"), affirming the final judgment order of the Circuit Court of Greenbrier County entered June 28, 2023. The final judgment order of the circuit court awarded judgment against the petitioner for past due homeowners' association ("HOA") assessments for the respondent, White Rock Mountain Retreat ("Retreat").[1] *See Chen v. White Rock Mountain Retreat*, No. 23-ICA-333, 2024 WL 4041504 (W. Va. Ct. App. Sep. 4, 2024) (memorandum decision). Here, the petitioner argues that the HOA assessments violate statutory standards for common interest communities because they do not differentiate between improved and unimproved lots and that the HOA assessments are unconscionable. Accordingly, he contends that the lower courts erred and he does not owe the assessments. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the ICA's decision is appropriate. *See* W. Va. R. App. P. 21(c).

It is undisputed that the petitioner owns an unimproved lot in the Retreat. The Retreat is a common interest community located in Greenbrier County, West Virginia. The Retreat is governed by the *Declaration of Covenants, Restrictions, Easements, Reservations, Terms and Conditions Governing White Rock Mountain Retreat, Planned Community* ("Covenants") that, among other things, provide for issuance of assessments, describe the purposes of assessments, and detail the process related to collecting unpaid assessments. All property owners are members of the HOA, which manages the community's common elements and obligations of property owners. Specifically related to this matter, the HOA issues annual assessments to the Retreat property owners, making no distinction between types of lots. For the years 2019, 2020, and 2021, the HOA issued assessments in the amount of $1,500 to all Retreat property owners, including the petitioner. The petitioner failed to pay the assessments issued to him for those years and the Retreat filed a complaint in the Magistrate Court of Greenbrier County for unpaid assessments in the amount of $4,500, plus $2,044.21 in interest and $1,795.50 in attorney fees, a total of $8,339.71. After a

---

[1] The petitioner is self-represented. The respondent is represented by counsel Daniel T. Booth.

1

bench trial, the magistrate ruled in favor of the Retreat.

The petitioner appealed to the circuit court, arguing that he did not owe the assessments because his lot was an unimproved lot that did not equally benefit from the assessments and common elements. The circuit court conducted a de novo trial and concluded that the Covenants did not make a distinction between improved and unimproved lots in determining assessments, that the HOA had a right to determine the annual assessment, and that the petitioner owed the assessments, interest, and attorney's fees in the total amount of $8,339.71, plus post-judgment statutory interest from October 13, 2022, until the judgment is satisfied, costs of $95, and any permitted post-judgment costs.

The petitioner appealed to the ICA, arguing that the circuit court erred by enforcing the assessments of the HOA because the assessments violated West Virginia Code § 36B-3-115(c)(2) which provides, to the extent required by the community's declaration, "[a]ny common expense or portion thereof benefiting fewer than all of the units must be assessed exclusively against the units benefited[.]" The ICA concluded that the Covenants did not require differentiation in assessments between improved and unimproved lots in the Retreat and that the petitioner failed to provide evidence supporting his argument that he did not owe the 2019, 2020, and 2021 assessments issued to him as a property owner in the Retreat. Next, the petitioner argued that the HOA assessment procedure is unconscionable. The ICA determined that the petitioner did not raise that argument before the circuit court and declined to consider it for the first time on appeal. Accordingly, the ICA affirmed the circuit court's final judgment order. The petitioner appealed.

On appeal to this Court, the petitioner makes the same assignments of error and arguments that he made before the ICA: that the HOA assessments for his unimproved lot violated West Virginia Code § 36B-3-115(c)(2) and that the assessment procedure and assessments are unconscionable. When reviewing a judgment order entered after a bench trial, we review the final order and disposition under an abuse of discretion standard, the factual findings under a clearly erroneous standard, and questions of law are reviewed de novo. Syl. Pt. 1, *Public Citizen, Inc. v. First National Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996).[2] Here, upon consideration of the record and briefs, we conclude there is no reversible error based on the two assignments of error presented to this Court. In these circumstances, the Covenants allowed for

_____

[2] This Court consistently reviews appeals of ICA decisions by considering the relevant circuit court, family court, or administrative order under our well-settled standards of review. *See, e.g.*, Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024) (on appeal from the ICA, reviewing a decision of the West Virginia Workers' Compensation Board of Review under the statutory standards in West Virginia Code § 23-5-12a(b) (eff. Jan. 13, 2022)); Syl. Pt. 3, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024) (on appeal from the ICA, reviewing family court order for clear error and abuse of discretion); Syl. Pt. 1, *Folse v. Rollyson*, 251 W. Va. 566, 915 S.E.2d 344 (2025) (on appeal from the ICA, applying de novo review to circuit court order granting motion to dismiss); Syl. Pt. 1, *Moorhead v. W. Va. Army Nat'l Guard*, 251 W. Va. 600, 915 S.E.2d 378 (2025) (on appeal from the ICA, applying de novo review to circuit court's entry of summary judgment); Syl. Pt. 1, *In re D.K.*, 252 W. Va. 495, 923 S.E.2d 425 (2025) (on appeal from the ICA, applying abuse of discretion review to a circuit court order granting or denying expungement of criminal records).

the HOA assessments in the same amount for improved and unimproved lots in the Retreat and the petitioner failed to pay his assessments for 2019, 2020, and 2021. The petitioner failed to raise the issue of unconscionability before the circuit court and, like the ICA, we therefore decline to address that assignment of error. *See State v. Miller*, 197 W. Va. 588, 597, 476 S.E.2d 535, 544 (1996) (discussing the general requirement that legal theories must be raised properly in the lower court to be preserved for appellate review). Accordingly, we affirm.

Affirmed.

**ISSUED:** July 28, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice H. L. Kirkpatrick
Justice James W. Flanigan

3